IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT and GINGER CALLAHAN, et al.,) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-488-BH-B |
| POINT CLEAR HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on defendant's (Doc. 8) motion to dismiss for lack of jurisdiction and alternative motion to require joinder of parties and plaintiffs' response in opposition thereto (Doc. 25) which concedes lack of diversity with respect to certain plaintiffs but seeks to dismiss all but two plaintiffs who are diverse. Upon consideration of the motions, defendant's reply (Doc. 26),[1] and all other pertinent portions of the record, the Court concludes that defendant's motion to dismiss is due to be denied while plaintiffs' motion to dismiss is due to be granted for the reasons stated by the plaintiffs.

Although plaintiffs now concede that certain of their number are nondiverse from the defendant, Point Clear Holdings, Inc. ("PCH"), the Court agrees that PCH's contention that all lot owners, including the nondiverse plaintiffs, are indispensible parties who must be joined is without merit. Plaintiff's in this action seek a declaration that:

> PCH holds only limited rights in the use of a 60 foot wide private street easement designated on the plat of the SUBDIVISION as Pine Grove Drive [and thus] has no right to use Pine Grove Drive in connection with the contemplated development of an approximately 620 unit condominium on the property known as the Pate property or any other property which was not owned by PCH's predecessor at

---

[1]To the extent defendant sought leave to file this reply (Doc. 26), leave is hereby **GRANTED**.

> the time Pine Grove Drive was made a private easement as part of the SUBDIVISION; and, that PCH has no right to dedicate Pine Grove Drive as a public street.

Complaint at ¶ 9. Alabama law is "firmly established . . . that where the owner of a tract of land . . . divides it into lots, and conveys the lots with restrictions as to use, such restrictions create equitable easements in favor of the owners of the several lots which ***may be enforced in equity by any one of such owners***." *Allen v. Axford*, 285 Ala. 251, 258-59, 231 So.2d 122, 128-29 (1969), emphasis added.[2] Despite PCH's protestations to the contrary,[3] this action is on point with *Allen* inasmuch as both are actions for declaratory judgment seeking a determination as to the effect of the restriction in question. *See also*, *Burma Hills Dev. Co. v. Marr*, 285 Ala. 141, 144, 229 So.2d 776, 778 (1969)("The courts of this state hold that restrictive covenants create equitable easements in favor of the several lots subject to such covenant which may be enforced by any one of the lot owners."). Consequently, the Court concludes and it is therefore **ORDERED** that PCH's alternative motion to require joinder of all owners of the lots in Point Clear Estates, Unit 2, is due to be and is hereby **DENIED.**

The plaintiffs have moved the Court, pursuant to Fed.R.Civ.P. 21, to dismiss the nondiverse plaintiffs so that they may maintain this action in their chosen forum. The defendant does not challenge the propriety of such a motion. It is therefore **ORDERED** that plaintiffs' motion be and is hereby **GRANTED** in that all plaintiffs except Hank and

---

[2]The Alabama Supreme Court first concluded that the covenant at issue ran with the land because "the restriction imposed by the grantor or proprietor upon the granted premises would naturally operate to enhance the value of his adjacent premises, whether retained by him or conveyed to another [and therefore] indicate[s] that the restriction was not intended for the mere personal benefit of the grantor, but as a permanent servitude beneficial to the owner of the land, whoever he may be, and appendant to the premises." *Allen*, 285 Ala. at 258, 231 So.2d at 128.

[3]The cases relied upon by PCH are inapposite for the reasons stated by the plaintiffs.

Paula Perkins, who are citizens of the state of Florida, and H. E. and Dorothy Scobee, who are citizens of the State of Louisiana, be and are hereby **DISMISSED.** *See e.g.*, *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985)(Approving in general the use of Rule 21 "to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action.").

In view of the dismissal of all nondiverse plaintiffs, the Court concludes and it is therefore **ORDERED** that PCH's motion to dismiss the complaint for lack of jurisdiction is due to be and is hereby **DENIED**.

**DONE** this 1st day of February, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE